Under Laws 1833, c. 279, § 1, providing that chattel mortgages, to be valid as against the creditors of the mortgagor and subsequent purchasers in good faith, shall be filed in the city or town where the mortgagor resides, a chattel mortgage, given by a firm, which was not filed in the county where one of the partners resided, is void as to third parties.

Appeal from trial term.

Action by Otto J. Bueb against Annie M. Gerarty and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before McCARTHY, SCHUCHMAN, and OLCOTT, JJ.

Edmond F. Oldman, for appellants.

Edwin F. Stern, for respondent.

McCARTHY, J. The Connery mortgage was certainly void; it not having been filed in Kings county, where one of the firm resided. This said mortgage was void as against creditors of the mortgagor, and against subsequent purchasers in good faith. Laws 1833, c. 279, § 1. See, also, Stewart v. Platt, 101 U. S. 731. The direction of the trial justice in plaintiff's favor was correct.

Judgment affirmed, with costs.

SCHUCHMAN, J., concurs.

———

WALLACE v. ARKELL.

(City Court of New York, General Term. April 3, 1899.)

PRINCIPAL AND AGENT—EVIDENCE OF RELATION.

Where the first of two parties engaged in business transactions furnished all the funds therefor, but trusted all matters pertaining to the welfare of the business and the expending of the funds to the second party, and the second party, after consulting the first party, and having the matter left to him, personally conducted all negotiations for a transfer to him of a lease of premises formerly occupied by both parties as a place of business, the jury is justified in finding that the second party was the agent of the first party in such negotiations, though both parties denied such agency.

Appeal from trial term.

Action by Ruth A. Wallace against William J. Arkell. From a judgment in plaintiff's favor, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and McCARTHY and HASCALL, JJ.

Norwood & Dilley, for appellant.

Charles Putzel, for respondent.

FITZSIMONS, C. J. The sole question presented upon this appeal is, was Louis C. Fuller the agent of the defendant, Arkell, in negotiating for the surrender of the lease held by the tin-foil company? The facts are as follows: The defendant and Fuller were lessees of

the premises 449–451 West Fifty-Third street, owned by plaintiff. Their lease expired May 1, 1896. They had a privilege of renewal, but prior to that date they notified plaintiff that they would not accept such renewal. Thereupon plaintiff rented to the tin-foil company for a period of three years, commencing May 1, 1896. Subsequent to such declination, and prior to May 1st, Fuller called upon the tin-foil company, and agreed with it to pay it the sum of $1,200, if it would surrender and yield up to him its lease, which was accordingly done. An assignment of the cause of action was made to plaintiff. This action is to recover the said $1,200. As before stated, the question presented is, was Fuller the agent of defendant in the negotiation just recited? The jury decided that question against defendant, and we think their conclusion was justified by the evidence. We think it shows that, in the business transactions had between Fuller and the plaintiff, Arkell was the responsible and head man; that in fact he was the principal, and Fuller a mere agent. Arkell was the financial man. He furnished the funds, and apparently relied upon the good judgment of Fuller in the expending of them. The latter had knowledge of the business carried on, but appears to have had no means. The former furnished needed financial means, but was ignorant of the needs of the business. It was therefore a reasonable thing for the jury to find that, in all matters pertaining to the welfare of the business, defendant trusted the execution of them to Fuller, the defendant furnishing the necessary funds to do so. The defendant concedes that he pursued this course up to the transaction in question, but quit doing so just about that time. But the testimony of Mr. Charles Putzel, plaintiff's attorney, contradicts that theory. He swears "that these matters [referring to the negotiation in question] were conducted entirely by Fuller, and that he [defendant] had left them to him." The jury evidently believed this testimony, and furthermore believed that such was the fact, and, so believing, of course were justified in finding that Fuller was defendant's agent. This testimony shows that, concerning these transactions, Fuller was defendant's general agent,—his alter ego, in fact, —thus binding defendant in all things said and done by him therein. The probability of the truth of Mr. Putzel's testimony, and of the fact that Fuller was the agent, and defendant the principal, is proved even by the testimony of Fuller, who was called as a witness by the defendant. He says that prior to the offer of $1,200 he consulted with Mr. Arkell, but denied that he represented him. If Arkell had no interest in this matter, as he has contended, why was such consultation had? Evidently the jury believes it was because Fuller could not act without first consulting the defendant. The jury were the judges of the questions of facts submitted to them. If they had decided in defendant's favor, we would sustain their verdict. Having found in plaintiff's favor, we shall uphold their finding.

We think that no error was committed, and therefore affirm the judgment, with costs. All concur.